This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Shun V. Moreland, a.k.a. Shawn V. Moreland, appeals his conviction in the Lorain County Court of Common Pleas. We affirm.
On June 24, 1998, the Lorain County Grand Jury indicted Mr. Moreland on two counts of felonious assault, in violation of R.C. 2903.11(A)(2), one count of illegal possession of a firearm, in violation of R.C. 2923.121(A), and one count of having a weapon while under disability, in violation of R.C. 2923.13(A)(2). Mr. Moreland was also indicted on firearm specifications. On July 2, 1998, Mr. Moreland was arraigned and entered a plea of not guilty to the charges in the indictment. On November 17, 1998, Mr. Moreland failed to appear at a scheduled pretrial conference. Consequently, the trial court issued a capias and ordered his bond revoked and forfeited.
On October 13, 2000, the State filed a notice with the trial court indicating that, on or about October 12, 2000, it received a request for disposition of the detainer pursuant to Article III of the Interstate Agreement on Detainers ("IAD") from Mr. Moreland. On November 23, 2000, Mr. Moreland was transferred from Oklahoma, where he was incarcerated in a federal penitentiary, to Ohio to face the charges in the indictment.
A pretrial hearing was held on December 4, 2000, during which the trial court set the trial for March 6, 2001. The same entry setting the March 6, 2001 trial date also stated: "[t]he defendant waives time from 12/4/00 until his trial date on 3/6/01[.]" Below this language, the following sentence was crossed out: "Defendant waives statutory time for speedy trial pursuant to RC [sic.] 2945.71 et seq." This pretrial entry was signed by both Mr. Moreland and his counsel. On March 1, 2001, Mr. Moreland requested that the trial scheduled for March 6, 2001 be continued, as he had not yet received certain discovery from the State. The motion was granted, and the trial was rescheduled for April 3, 2001. Prior to April 3, 2001, Mr. Moreland moved for another continuance on the grounds that his counsel had a murder trial scheduled in another county on April 3, 2001.[1] Accordingly, the trial court reset the trial for June 5, 2001.
On May 25, 2001, Mr. Moreland moved to dismiss the indictment arguing that the IAD's time limit had expired. A hearing on the motion was held on June 6, 2001. After the hearing, the trial court denied Mr. Moreland's motion to dismiss. Mr. Moreland subsequently withdrew his former plea of not guilty and entered a plea of no contest to the indictment. The trial court accepted the no contest plea and found Mr. Moreland guilty of the charges in the indictment. Mr. Moreland was sentenced accordingly. This appeal followed.
Mr. Moreland asserts one assignment of error for review:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S MOTION TO DISMISS FOR THE STATES [sic] FAILURE TO ABIDE BY THE INTERSTATE AGREEMENT ON DETAINERS, R.C. 2963.30 ET SEQ., THEREBY VIOLATING APPELLANT'S RIGHT TO DUE PROCESS AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION.
Mr. Moreland avers that the trial court erred in denying his motion to dismiss the indictment, as the State failed to comply with the time limits set forth in the IAD, codified at R.C. 2963.30. We disagree.
The IAD is a "compact entered into by 48 states, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." NewYork v. Hill (2000), 528 U.S. 110, 111, 145 L.Ed.2d 560, 564. Although Ohio has codified the IAD at R.C. 2963.30, the interpretation of the IAD presents a question of federal law, as it is a congressionally sanctioned interstate compact within the Compact Clause of the United States Constitution. Id. at 111, 145 L.Ed.2d at 565.
"A State seeking to bring charges against a prisoner in another State's custody begins the process by filing a detainer, which is a request by the State's criminal justice agency that the institution in which the prisoner is housed hold the prisoner for the agency or notify the agency when release is imminent." Id. at 112, 145 L.Ed.2d at 565. After a detainer has been lodged against him, a prisoner may request a final disposition of the untried indictment, information, or complaint pursuant to Article III(a) of the IAD. Upon such request, the prisoner must "be brought to trial within one hundred eighty days, * * * provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." Art. III(a). If a defendant is not brought to trial within the time limits prescribed by the IAD, the indictment, information, or complaint must be dismissed with prejudice. Art. V(c).
In the present case, the State received Mr. Moreland's request for final disposition of the charges pending against him on October 12, 2000. Under the IAD, Mr. Moreland's trial was required to begin within one hundred and eighty days of October 12, 2000; thus, the trial was to commence before April 9, 2001. On December 4, 2000, the trial court scheduled the trial for March 6, 2001. Prior to March 6, 2001, however, Mr. Moreland requested a continuance in order to complete discovery and prepare for trial. The trial court granted Mr. Moreland's continuance and reset the trial date for April 3, 2001, which was within the time period prescribed by the IAD. Shortly before April 3, 2001, Mr. Moreland again requested a continuance of the April 3, 2001 trial date, as his defense counsel had a murder trial in another county on that day. The trial court continued the matter and reset the trial for June 5, 2001. On May 25, 2001, Mr. Moreland filed his motion to dismiss at issue herein. At the time that Mr. Moreland filed his motion to dismiss, more than one hundred and eighty days had elapsed since October 12, 2000.
In ruling that the State had not exceeded the time limits prescribed by the IAD, the trial court found that Mr. Moreland had executed a written limited time waiver of his speedy trial rights under the IAD, which tolled the time limits between December 4, 2000 and March 6, 2001. With the ninety-two days between those two dates not being charged to the State, the trial court determined that the time limits of the IAD had not expired, and therefore, denied Mr. Moreland's motion to dismiss the indictment.
On appeal, Mr. Moreland has set forth several arguments in support of his contention that the trial court erred in denying his motion to dismiss. These arguments focus on the trial court's determination that the ninety-two days between December 4, 2000 and March 6, 2001 were not to be counted against the State for the purposes of complying with the IAD time limits. First, he avers that the trial court erred in granting the continuance between December 4, 2000 and March 6, 2001 because such continuance was neither necessary nor reasonable, nor granted for good cause shown in open court with Mr. Moreland or his counsel being present. The trial court, however, did not grant a continuance on December 4, 2000, as Mr. Moreland suggests, but rather, scheduled the trial for March 6, 2001.[2] In the pretrial entry signed December 4, 2000, Mr. Moreland executed an express written limited time waiver of his speedy trial rights for the time period between December 4, 2000 and March 6, 2001. Significantly, on appeal, Mr. Moreland has not challenged the trial court's determination that the waiver contained in the December 4, 2000 pretrial entry applied to the time limits of the IAD. Accordingly, as there was not a continuance granted between these dates but rather an express waiver for a limited time, we cannot find that the trial court erred in allegedly not following the procedural requirements for granting a continuance contained in Article III of the IAD.[3] See, generally,United States v. Crozier (C.A.6, 2001), 259 F.3d 503, 515.
Next, Mr. Moreland has offered two arguments which challenge the propriety of allowing a waiver of the rights created by the IAD. Specifically, he has argued that: 1) by explicitly providing for the grant of a "good cause" continuance, the IAD has limited the situations in which delay is permitted and the rights under the IAD are lost and that allowing other extensions of the time period would override those limitations, and 2) the IAD was enacted for the benefit of both society and the defendant, and thus, a defendant's ability to waive the IAD's requirements is limited. The United State Supreme Court has recently rejected both of these arguments. See Hill, supra (holding that counsel for a criminal defendant may effectively waive a defendant's right to be brought to trial within the time periods specified under the IAD by agreeing to a trial date beyond the IAD time period).
First, Mr. Moreland has argued that by explicitly providing for the grant of a "good cause" continuance, the IAD has limited the situations in which delay is permitted and the rights under the IAD are lost; therefore, allowing other extensions of the time period would override those congressionally sanctioned limitations. In rejecting this argument, the United States Supreme Court has written:
 It is of course true that waiver is not appropriate when it is inconsistent with the provision creating the right sought to be secured. * * * That is not, however, the situation here. To be sure, the "necessary or reasonable continuance" provision is, by clear implication, the sole means by which the prosecution can obtain an extension of the time limits over the defendant's objection. But the specification in that provision that the "prisoner or his counsel" must be present suggests that it is directed primarily, if not indeed exclusively, to prosecution requests that have not explicitly been agreed to by the defense. As applied to agreed-upon extensions, we think its negative implication is dubious — and certainly not clear enough to constitute the "affirmative indication" required to overcome the ordinary presumption that waiver is available.
Id. at 116, 145 L.Ed.2d at 567-68. A defendant, therefore, may waive the time limits contained in the IAD. Id.
Additionally, Mr. Moreland has argued that the IAD was enacted for the benefit of both society and the defendant, and thus, a defendant's ability to waive the IAD's requirements is limited. In addressing this contention, the United States Supreme Court acknowledged that society enjoys some benefit from the IAD's time limit, specifically that "[d]elay can lead to a less accurate outcome as witnesses become unavailable and memories fade." Id. at 117, 145 L.Ed.2d at 568. The court, nevertheless, found that society's interest in the prompt resolution of outstanding charges is not so central to the IAD that it is part of the unalterable statutory policy, and therefore, a defendant may waive the IAD time limit. Id. at 117-18, 145 L.Ed.2d at 568-69.
In the case sub judice, on December 4, 2000, Mr. Moreland signed a pretrial entry, stating that "the defendant waives time from 12/4/00 until his trial date on 3/6/01." The entry also contained a separate waiver of the statutory speedy trial time pursuant to R.C. 2945.71 et seq., which had been crossed out. The trial court interpreted this deletion to mean that the limited time waiver applied to the time limits set forth in the IAD. Significantly, Mr. Moreland has not challenged this specific interpretation by the trial court on appeal.[4] As previously discussed, a defendant may waive the IAD time limits. See Hill, supra. Mr. Moreland has expressly done so here for a limited period of time. Accordingly, the trial court properly found that the IAD time limit was tolled between December 4, 2000 and March 6, 2001, and therefore, Mr. Moreland's speedy trial rights under the IAD had not been violated. Consequently, we conclude that the trial court did not err in denying Mr. Moreland's motion to dismiss the indictment pursuant to the IAD.
Mr. Moreland's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J. CONCURS, CARR, J., CONCURS IN JUDGMENT ONLY
[1] At the hearing on Mr. Moreland's motion to dismiss, the State related that the parties discussed this continuance with the trial court. Mr. Moreland's counsel acknowledged that he had a murder trial in another county on April 3, 2001. The record, however, does not contain a written motion for a continuance of the April 3, 2001 trial date.
[2] The March 6, 2001 trial date was the first trial date set after Mr. Moreland was returned to the jurisdiction.
[3] This court does not express any opinion as to whether or not the trial court complied with the procedural requirements for granting a continuance under Article III of the IAD.
[4] Mr. Moreland repeatedly refers to the language in the December 4, 2000 pretrial entry, as indicating his concurrence with or consent to the trial court's setting of a particular date for trial. The language of the entry, however, is that of a limited time waiver and not a mere concurrence or consent to a specific trial date.